**Donna Szabo FOWLER, Plaintiff,**

v.

**NEW YORK STATE BOARD OF LAW EXAMINERS, James T. Fuller, as Executive Secretary New York State Board of Law Examiners; John E. Holt–Harris, Jr., as Chairman, New York State Board of Law Examiners; Charles T. Beeching, Jr., as Member, New York State Board of Law Examiners; Ira P. Sloane, as Member, New York State Board of Law Examiners; and Laura Taylor Swain, as Member, New York State Board of Law Examiners, Defendants.**

**No. 93–CV–596C.**

United States District Court,
W.D. New York.

Oct. 21, 1994.

Dolin & Modica, P.C. (Steven V. Modica, of counsel), Rochester, NY, for plaintiff.

G. Oliver Koppell, Atty. Gen. of the State of N.Y. (Andrew Lipkind, of counsel), Buffalo, NY, for defendant.

## BACKGROUND

CURTIN, District Judge.

The sole issue before the court is whether plaintiff Donna Szabo Fowler prevailed in her action against defendant New York State Board of Law Examiners ("Board") such that she is entitled to reasonable costs and attorney's fees. On July 19, 1993, Fowler filed suit and moved for an expedited order to compel the Board to permit her to take the New York State Bar Examination over a four-day period with twice the number of hours allowed other examinees. Fowler claimed that these accommodations were necessary to compensate for her learning disability and were therefore mandated by the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101–12213.

Prior to filing suit, Fowler sent three separate "Request for Accommodation" forms to the Board for the July 1992, February 1993, and July 1993 exams respectively.[1] In each case, the Board agreed to give her "double time" to complete the examination but refused to allow her to spread out the hours over a four-day period. On July 15, 1993, following receipt of the Board's third denial of her request for a four-day exam, the plaintiff petitioned for appellate review. She included in her petition a letter from her attorney notifying the Board that it had improperly failed to indicate why it had denied her request. Her attorney telephoned the Board office the next day and was told by Brian White that Fowler's petition had been received and would be decided early on Monday, July 19, 1993. During the telephone conversation, plaintiff's counsel informed Mr. White that Fowler had commenced a lawsuit earlier that day and that an immediate resolution of the appeal was necessary to prevent prosecution of the action. Plaintiff's counsel confirmed this information by letter via facsimile ("fax") to James Fuller, Executive Secretary of the Board, on the morning of July 19. The letter also stated that counsel had set up a meeting in the afternoon with this court in order "to secure an Order to Show Cause in the event that the Board does not decide the appeal or does not grant Fowler the relief she has requested in the appeal." Item 8, Ex. C.

On the morning of July 20, plaintiff's counsel faxed a second letter to Mr. Fuller indicating that an order had been issued by this

1. Ms. Fowler did not take the July 1992 exam because she had not finished her law school course work. She sat for the February 1993 with the accommodations provided by the Board and failed.

court for an expedited motion for preliminary injunctive relief. Counsel stated that a copy of the order and supporting papers would be served upon the Board by 5 p.m. on July 21 and that the court had scheduled a hearing for July 23, five days before the July 1993 bar exam. Item 8, Ex. D.

Plaintiff's counsel was telephoned around noon on July 20 and told that the Board had decided to give Fowler the accommodations she requested for the July 1993 examination. Mr. Fuller confirmed this decision in a fax at 1:15 p.m. (Item 10, Ex. B.), prior to service of the Order to Show Cause.

### DISCUSSION

Plaintiff makes her request of $11,323.46 for attorney's fees and costs pursuant to sections 12133 & 12188 of the ADA and the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. Section 12205 of the ADA provides the court with the discretion to grant the prevailing party a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205 (1993).

The defendant claims that the plaintiff is not entitled to attorney's fee and costs because her lawsuit had no effect on the outcome of her administrative appeal. In support of its position, the Board's Chairman, Hon. John E. Holt–Harris, Jr., states in his affidavit that the threat or pendency of litigation was of "absolutely no influence" in the Board's unanimous decision to grant Fowler's requested accommodations. In fact, several other candidates were also granted more extensive accommodations than had been initially approved for the same exam, including at least one who also asked for a four-day exam period, and none of the others had threatened or begun litigation. Item 11, ¶¶ 9 & 10. The Board argues that because its decision on the plaintiff's appeal was not influenced by any threat of litigation, she is not a prevailing party as defined by the statute.

Plaintiff claims to the contrary that even if her lawsuit produced a voluntary action on the Board's part to grant her requested relief, she must be regarded as a prevailing party as long as she can show a causal connection between the litigation and the relief obtained. *Koster v. Perales,* 903 F.2d 131, 135 (2d Cir.1990); *Rose v. Heintz,* 806 F.2d 389, 391 (2d Cir.1986). This inquiry is primarily factual. Plaintiff asserts that the Board's repeated refusal to grant her a four-day exam period until it was informed of the pendency of this action, its history of hostility to the same request made by other candidates, and the timing of the appeals decision all demonstrate that the initiation of a lawsuit served "to expedite the planning and achievement gained." *Disabled in Action v. Baltimore,* 685 F.2d 881, 886 (4th Cir.1982), *accord* 894 F.2d 651 (1990).

Plaintiff further claims that the security concerns which the Board gave as a rationale for its initial refusal to grant her the four-day period had been rejected by a federal court in this district when she made her request for the July 1993 examination. *See D'Amico v. Board of Law Examiners,* 813 F.Supp. 217 (W.D.N.Y.1993). She notes that the Board had already been sued on several occasions by other candidates in order to obtain the same relief she sought. She argues that this history makes it very unlikely that the Board's decision to reverse itself had nothing to do with the pendency of her action.

The court finds a causal connection between the commencement of Fowler's action and the Board's decision to grant her the requested accommodations for the July 1993 examination. Despite the affidavit offered by the Board, the overall evidence leads to the conclusion that the threat of a lawsuit and restraining order influenced the Board's decision to grant the plaintiff's request expeditiously. The evidence shows that the Board was aware of the existence of a pending lawsuit, as well as prior unfavorable decisions on this issue and the potential of further litigation. The Board was also aware that if it did not handle Fowler's appeal in a timely manner, it might be subject to a court order to comply. The fact that other candidates were granted the same relief for the same examination without commencing a lawsuit does not necessarily mean that Fowler's lawsuit was irrelevant to the appeals decision. On the contrary, the Board could reasonably have feared that it would be faced with other suits if it failed to act voluntarily.

Fowler sought identical accommodations for two previous exams and was refused the four-day examination period in both cases. For all three requests, Fowler submitted expert reports which documented her disability and the need for the accommodations she sought along with proof that the University of Buffalo Law School had given her these accommodations for her course examinations. Each time, the Board granted her request except for the four-day examination period. At no time was a reason given for this refusal. Item 8, ¶¶ 13–14, 17, 22. Thus, Fowler was unable to determine from the Board's response whether additional explanation or proof of her disability was needed to satisfy the Board on appeal. The only additional submission on appeal was the information that she was prepared to file an action to force the Board to afford her the accommodations she needed to take the July 1993 exam. She also informed the Board of her awareness of prior rulings, including one in this District, which granted the same accommodations. Finally, the Board decided the plaintiff's appeal only eight days before the July 1993 examination was scheduled. Therefore, it is reasonable to assume that the threat of litigation encouraged a favorable, timely decision.

Counsel for the defendant indicates that, in the event the court finds that plaintiff is entitled to attorney's fees, he would have no opposition to the amount requested. I also find the amount to be reasonable. Therefore, plaintiff Donna Szabo Fowler is awarded $11,323.46 in attorney's fees and costs.

So ordered.